UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-00074-MOC-DSC-2

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)<br>vs. )<br>)<br>BRANDON LEE SALTERS, )<br>)<br>Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** comes before the Court on Defendant Salters's pro se Motion to Reduce Sentence (Doc. No. 60) and the Government's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 64).

**I. BACKGROUND**

Brandon Salters seeks review of his sentence by this Court under 18 U.S.C. § 3742(a)(1), contending that his sentence was imposed in violation of law because the firearm used to enhance his sentence was found pursuant to an invalid search warrant. The United States seeks dismissal of the motion for lack of jurisdiction arguing that the provision Defendant cites for his motion applies only to grounds for appeal. Additionally, the Government argues that Defendant has waived the right to challenge his sentence as part of his plea agreement.

From at least 2015 to February 2018, Salters participated in a conspiracy to distribute crack cocaine in Gaston County, North Carolina. (Doc. No. 41 at ¶ 5 (PSR)). Salters was involved in trafficking more than 280 grams of crack cocaine. (PSR at ¶ 16).

1

A confidential source made controlled purchases of crack cocaine from Salters on six different dates between February and December of 2015. (PSR at ¶ 6). During one of those buys, Salters discussed cooking cocaine into crack. (PSR at ¶ 16). On February 9, 2018, law enforcement officers approached Salters as he was backing out of his driveway. (PSR at ¶ 15). When Salters opened his car window, officers smelled marijuana, and Salters admitted that he had been smoking marijuana in the house. (Id.). Officers obtained and executed a search warrant at Salters's house the same day, finding cocaine, crack cocaine, and a loaded 9mm handgun. (PSR at ¶ 7).

A grand jury indicted Salters, charging him with conspiracy to distribute and to possess with intent to distribute 280 grams or more of crack cocaine (Count One); two counts of distribution of and possession with intent to distribute 28 grams or more of crack cocaine (Counts Two and Three); possession with intent to distribute cocaine and crack cocaine (Count Four); and possession of a firearm in furtherance of a drug-trafficking offense in violation of 18 U.S.C. § 924(c) (Count Five). (Doc. No. 1 (Indict.)). Salters agreed to plead guilty to the conspiracy offense in Count One, in exchange for the dismissal of the other four counts of the Indictment. (Doc. No. 25 (Plea Agrmt.)). As part of Salters's plea agreement, the parties agreed to recommend that the amount of crack cocaine known or reasonably foreseeable to Salters was more than 280, but less than 840 grams, for a base offense level of 30; that a two-level weapon enhancement applied under U.S.S.G. § 2D1.1(b)(1); that Salters's plea was timely for purposes of acceptance of responsibility; and that the United States would not oppose a sentence at the

2

bottom of the applicable guidelines range. (Id. at ¶ 8). Salters also agreed to waive the right to contest his conviction and sentence on direct appeal and in any post-conviction proceeding, except as to claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at ¶¶ 19–20). He explicitly waived "all rights conferred by 18 U.S.C. § 3742 or otherwise to appeal whatever sentence is imposed" with the exception of ineffective assistance and prosecutorial misconduct claims. (Id. at ¶ 20).

After a thorough plea hearing in accordance with Federal Rule of Criminal Procedure 11, the magistrate judge accepted Salters's guilty plea, finding that he made it knowingly and voluntarily. (Doc. No. 26). During that hearing, the magistrate judge specifically inquired whether Salters was waiving the right to appeal his conviction and sentence or to challenge his conviction and sentence in a post-conviction proceeding, and Salters affirmed that he was waiving those rights. (Id. at 3).

A probation officer prepared a presentence report, recommending, as in the parties' plea agreement, that Salters's base offense level was 30, that a two-level enhancement for possession of a firearm applied, and that he should receive a three- level reduction for acceptance of responsibility, for a total offense level of 29. (PSR at ¶¶ 22–23, 29–31). With a criminal history category of V, the Sentencing Guidelines advised a sentencing range of 140 to 175 months of imprisonment. (PSR at ¶¶ 46, 84).

This Court adopted the PSR, but departed downward to offense level 23. (Doc. No. 58). The Court sentenced Salters to 90 months of imprisonment, entering judgment on October 17, 2018. (Doc. No. 57). He did not appeal.

3

Over two years later, on February 9, 2021, Salters filed the present motion, seeking to challenge his sentence under 18 U.S.C. § 3742(a)(1). (Doc. No. 60). He contends that the two-point enhancement for possessing a firearm was improper because the firearm was found pursuant to a search warrant with a defective date. (Id. at 2).

## II. DISCUSSION

Salters's attempt to challenge his sentence before this Court under 18 U.S.C. § 3742(a)(1) is misplaced because that provision only applies to appeals. Section 3742(a)(1) provides that "A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence (1) was imposed in violation of law." Salters's motion requests substantive relief from this Court in the form of resentencing, rather than seeking to appeal for relief from a judgment in the U.S. Court of Appeals for the Fourth Circuit. (See, e.g., Doc. No. 60, at 3 ("I am hopeful the court will grant my motion and re-sentence me.")).

Although the Fourth Circuit liberally construes Federal Rule of Appellate Procedure 3, which specifies the requirements for a notice of appeal, even liberal construction cannot save Salters's filing because he does not seek review of this Court's decision by another court. See Jackson v. Lightsey, 775 F.3d 170, 175 (4th Cir. 2014) (asking whether a filing is "'the functional equivalent'" of what Rule 3 requires). Nor would construing Salters's motion as a notice of appeal aid him because the time limit for appealing expired 14 days after this Court entered its judgment in 2018. Fed. R. App. P. 4(b)(1)(A). Likewise, the time limit for extending the time to file a notice of appeal for excusable neglect or good cause also expired in 2018. See Fed. R. App. P. 4(b)(4) (allowing court to extend time to file notice of appeal by 30 days).

4

Because § 3742 does not provide an independent basis for bringing a sentencing challenge before a district court, Salters has offered no basis for this Court's jurisdiction over his motion. Moreover, even if the Court had jurisdiction to consider Salters's claim, it should be dismissed because Salters specifically waived the right to challenge his sentence under § 3742, except on bases that he does not raise in his motion. (Plea Agrmt. at ¶ 20).

### III. CONCLUSION

For the foregoing reasons, **IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 64) is **GRANTED** and Defendant's Motion for a Reduced Sentence (Doc. No. 60) is **DISMISSED**.

Signed: April 7, 2021

Max O. Cogburn Jr.
United States District Judge